457 So.2d 33 (1984)
Richard O. ALBA et al.
v.
Roland RIVIERE et al. (Two cases).
Richard O. ALBA
v.
Roland RIVIERE et al.
Nos. C-1582, C-1615 and C-1657.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1984.
Rehearing Denied October 29, 1984.
Writ Denied December 14, 1984.
A. Remy Fransen, Jr., Wiedemann & Fransen, New Orleans, for Richard O. Alba et al.
Laurence E. Best, Steven K. Best, Hebert & Abbott, New Orleans, for Strumenti Ottici Subacquei.
Richard S. Vale, Blue, Williams & Buckley, Metairie, for Undersea Industries, Inc.
Steven T. Victory, Frederick W. Bradley, Liskow & Lewis, New Orleans, for Barakuda Bergann KG.
John G. Gomila, Jr., New Orleans, for P & P Intern.
Before REDMANN, C.J., and BYRNES and WILLIAMS, JJ.
*34 REDMANN, Chief Judge.
Plaintiff, a resident of Louisiana, suffered decompression injury ("the bends") while diving at Belize, allegedly because of defectiveness of two decompression meters. Plaintiff sued in Louisiana, among others, the Italian manufacturer and the two distributors (one a Delaware, one a German corporation) who in fact distributed the two meters to a retailer in Texas (or California) and to a distributor in Kentucky, respectively.
Those three defendants each filed exceptions to the jurisdiction of the Louisiana courts. We granted their applications for certiorari and we now reverse the trial court's overruling of those exceptions.
The manufacturer is Strumenti Ottici Subacquei, or SOS Torino. SOS sells its meters through distributors. The Delaware distributor (whose main office may be California) is Undersea Industries, Inc., or Scubapro. Scubapro is a distributor for SOS in America. It distributed one of the two meters in question to Texas or California where it was sold at retail. That meter was later sold as used to plaintiff in Louisiana. The German distributor is Barakuda Bergann KG. Barakuda claims to have only one "customer" in the United States, P & P Industries of Kentucky. P & P in fact distributed the second meter in question to a retailer in Louisiana who sold it to plaintiff.
La.R.S. 13:3201 provides, in part:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
"(a) transacting any business in this state;
"(b) contracting to supply services or things in this state;
"(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
"(d) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state ...."
(The other subdivisions relate to immovable property and domestic relations.)
Plaintiff in brief concedes that subd. (d) is not applicable because plaintiff was not injured "in this state." Subd. (d) does not authorize a Louisiana suit against a nonresident for delictual behavior outside of Louisiana that causes injury outside of Louisiana.
(Although no one suggests its applicability, we note that subd. (c) would allow suit for delictual behavior inside Louisiana that causes injury outside Louisiana. We may also note that subd. (b) is not applicable because this is not an action on a contract to supply.)
Subd. (a) allows suit against a nonresident for injury caused outside of Louisiana, but only if upon a "cause of action arising from" transacting business in this state. That the nonresident transacts frequent and substantial business does not confer jurisdiction upon Louisiana courts under subd. (a), unless the cause of action arises from Louisiana transactions by the nonresident.
SOS, the meters' manufacturer, may have through its distributors had sufficient contacts with Louisiana to make it subject to jurisdiction under subd. (d) if its act of defectively manufacturing in Italy caused injury inside Louisiana; see Boykin v. Lindenkranar, 252 So.2d 467 (La. App. 4 Cir.1971), writ refused 254 So.2d 618. But SOS did not transact any business in Louisiana in a contractual sense, or by a presence in Louisiana (except insofar as package insert literature suggested returning meters to the factory for repair or calibration), and plaintiff's cause of action cannot fairly be said to be one "arising from" SOS's transacting business here within subd. (a).
Similarly Barakuda did not transact any business in Louisiana within subd. (a). Its sale to P & P of Kentucky did not occur *35 in Louisiana, although P & P's sale to the Louisiana retailer may well have here occurred.
Scubapro did transact business in Louisiana by supplying meters for sale here, but it did not supply for sale here the meter that allegedly injured plaintiff in Belize. In respect to that meter, Scubapro transacted business in Texas (or California) by selling it to a Texas (or California) retailer. In respect to that meter, the Texas (or California) retail purchaser who first purchased it, or a later owner who acquired from him, might have transacted business in Louisiana by selling it to or through the dealer who sold it as a used meter to plaintiff, but that was not a transaction of business in Louisiana by Scubapro. Plaintiff's cause of action is not one "arising from" any transaction of business by Scubapro in Louisiana.
R.S. 13:3201 does not purport to authorize Louisiana courts to exercise jurisdiction over plaintiff's cause of action against any of these three defendants.
Reversed; exceptions to the jurisdiction by SOS Torino, Barakuda and Scubapro maintained.