**Venona Lee Childs FARNHAM, et al.,**
**Plaintiffs-Appellants,**

v.

**BRISTOW HELICOPTERS, INC., et al.,**
**Defendants-Appellees.**

No. 84–3866.

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1985.

Webre & Camarata, Kerry P. Camarata, Gerald P. Webre, Thibodaux, La., for plaintiffs-appellants.

Phelps, Dunbar, Marks, Claverie & Sims, Howard Daigle, Jr., Stephen P. Hall, New Orleans, La., for Bristow Helicopters, Inc.

R.K. Christovich, New Orleans, La., for Bell.

William V. Dalfres, Jr., New Orleans, La., for Avco.

Before GOLDBERG, JOLLY, and HIGGINBOTHAM, Circuit Judges.

## OPINION

PATRICK E. HIGGINBOTHAM, Circuit Judge:

We determine today that Louisiana courts will insist upon a nexus between business transacted in the state and an asserted claim as a prerequisite to the exercise of in personam jurisdiction under that state's long-arm statute.

### I

Bristow Helicopters, Limited, is a corporation organized under the laws of the United Kingdom. P.T. Masayu Helicopters is an Indonesian corporation. Bristow Helicopters, Inc., is a Delaware corporation. The parties agreed below that Masayu is the subsidiary of Bristow Limited under the laws of the United Kingdom; that Bristow Limited indirectly owned 100% of the non-voting shares of outstanding stock in Bristow Inc. through another subsidiary of Bristow Limited, Helicopter Rentals, Ltd., a Bermuda corporation; and that for jurisdictional purposes, Bristow Limited can be considered to have "transacted business" in Louisiana for the sole purpose of Louisiana's long-arm statute through the business activity of Bristow Inc., which is licensed to do business in Louisiana.

On March 16, 1980, Thomas W. Farnham, III, the husband and father of the appellants, was killed when a helicopter owned and operated by Masayu crashed in Kalimantan, Indonesia. The Farnhams' jurisdictional argument rests on the theory that Masayu was the agent of Bristow Limited and that Bristow Limited had done business in Louisiana; they do not contend that Masayu has itself transacted business in Louisiana. Masayu and Bristow Limited moved for dismissal of the case against them for want of personal jurisdiction. The motion was granted on the ground that because no nexus existed between the alleged tort and Bristow Limited's activities in Louisiana, the Louisiana long-arm statute did not reach them.

Some weeks after the district court dismissed Masayu and Bristow Limited, the deposition of William Blume, the pilot of the ill-fated helicopter, was taken by telephone. Blume testified that in 1974 a Bristow recruiter came to Louisiana State University at New Orleans to look for prospective pilots. There the recruiter met Blume, who went to England and signed on with a Bristow company, presumably Bristow Limited. He was assigned to fly in southeast Asia. He left Masayu in 1977 to work for an electronics firm in Malaysia, but returned to Masayu in 1980 and was flying for that company when the fatal crash occurred.

Bristow Inc. moved for summary judgment, and that motion was granted. The Farnhams appeal this judgment and dismissal of Masayu and Bristow Limited.

### II

The fourteenth amendment to the Constitution sets the limits of a state's power to exercise personal jurisdiction over foreign defendants. A foreign defendant must have minimal contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). Due process is not offended, even in cases where the cause of action does not arise directly from the activities of the foreign defendant in the forum state, if the exercise of personal jurisdiction is supported by sufficient contacts between the foreign defendant and the state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). But the fourteenth amendment is a perimeter. State long-arm statutes need not reach the constitutional limit.

Under the Louisiana long-arm statute, R.S. 13:3201, "[a] court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident: (1) Transacting any business in this state...." R.S. 13:3202 provides that "[w]hen personal jurisdiction over a nonresident is based solely upon R.S. 13:3201, only a cause of action arising from acts or omissions enumerated therein may be asserted against him."

Our question is how the Louisiana courts would today interpret their long-arm statute. In *Pedelahore v. Astropark, Inc.*, 745 F.2d 346 (5th Cir.1984), a panel of our court concluded that, given its legislative purpose of reaching to the constitutional limits, the Louisiana long-arm statute does not require a nexus between the business transacted in Louisiana and the asserted claim. The *Pedelahore* panel considered and rejected *Bernhard v. Holiday Travels*, No. CO914 (La.App. 4th Cir. Aug. 10, 1983), and *Rush v. Matson Navigation Co.*, 221 So.2d 265 (La.App.2d Cir.1969), both of which required that a claim arise from business transactions within Louisiana. The panel declined to follow *Bernhard* because it was an unpublished opinion. The panel rejected *Rush* on the authority of *United States Fidelity & Guaranty Co. v. Hi-Tower Concrete Pumping*, 434 So.2d 506 (La. App.2d Cir.1983). In *Hi-Tower*, the court noted that the purpose of the legislature in enacting the long-arm statute was to reach the full constitutional limits of due process. Because there is no constitutional requirement of a nexus between the transaction of business in the forum state and an asserted claim, the *Pedelahore* panel inferred from *Hi-Tower* that Louisiana courts would not require such a nexus. But this is not the only reasonable interpretation of the *Hi-Tower* opinion. The court may only have meant that the legislature intended to reach the limits of due process as to the meaning of "transacting any business" in R.S. 13:3201(1). *Hi-Tower* did not address the issue of whether the long-arm statute requires a nexus between the business transacted and the asserted claim.

A panel of this court cannot "overturn" the decision of another panel. In diversity cases, however, we are to follow subsequent state court decisions that are clearly contrary to a previous decision of this court. *See Broussard v. Southern Pac. Transp. Co.*, 665 F.2d 1387, 1389 (5th Cir.1982). Since *Pedelahore* we have received further guidance from the Louisiana courts. In *Alba v. Riviere*, 457 So.2d 33 (La.App. 4th Cir.), *writ denied*, 462 So.2d 194 (La.1984), a nexus between the defendant's business and the plaintiff's claim was required. In *Robinson v. Vanguard Insurance Co.*, 468 So.2d 1360, 1370 n. 7 (La.App. 1st Cir.), (Lanier, J.) *writs denied*, 472 So.2d 34, 924 (1985) the First Circuit expressly rejected the *Pedelahore* decision. In so doing, the court summarized the case law of Louisiana, persuasively supporting its view that there must be a nexus between the claim and the business transacted.

The Farnhams point to other Louisiana decisions, but we find them to be inapposite. In *Home Gas & Fuel Co. v. Mississippi Tank Co.*, 143 So.2d 641 (La.App.3d Cir.1962), for example, the accident and damages occurred in the State of Louisiana. The court in *Home Gas* expressly found that the claim resulted from the nonresident defendant's business activities in Louisiana. *Id.* at 646; *see also Robinson*, 468 So.2d at 1363. In *Aucoin v. Hanson*, 207 So.2d 834 (La.App.3d Cir.1968), another case relied upon by the Farnhams, a sales contract was perfected during a telephone call between Mississippi and Louisiana, preliminary negotiations leading to the sale had taken place in Louisiana, and final payment was mailed from Louisiana. The *Aucoin* court found that the claim arose from the transaction of business in Louisiana.

We must affirm the district court's conclusion that the Louisiana long-arm statute is not available to plaintiffs whose claims do not arise out of any activity or business within Louisiana. It follows that Bristow Limited's business activity in

Louisiana will not support the Farnhams' use of the long-arm statute because that business and this helicopter crash were not related. In so concluding, we reject the suggestion that the recruiting in Louisiana of pilot Blume by Bristow Limited for his first period of employment had any significant relationship to the claim arising from the later crash in Indonesia during his second, and completely separate, period of employment. This cause of action did not "arise from" the 1974 recruiting activities.

### III

■ The Farnhams argue that because Masayu, which itself had no contacts at all with Louisiana, is a subsidiary of Bristow Limited, it can be reached under the Louisiana long-arm statute. Because Bristow Limited is itself not subject to jurisdiction, it follows, *a fortiori*, that Masayu is not subject to jurisdiction.

### IV

■ Having concluded that the district court properly dismissed Bristow Limited and Masayu as defendants, we turn to the Farnhams' contention that summary judgment should not have been granted in favor of Bristow Inc. Although the Farnhams did not do so below, they argue here that the granting of the summary judgment motion was premature. The Farnhams argue that Bristow Inc. should not have been dismissed before they completed discovery concerning the precise relationships among Bristow Inc., Bristow Limited, and Masayu. The district court's order indicates that the Farnhams did not oppose the motion for summary judgment, and we can find no record of opposition. Even here the argument is made only as part of another argument rather than as a distinct point of error. Finally, notice of appeal was not directed to the judgment below but was confined to "the interlocutory order dated May 3, 1984. . . ." *See C.A. May Marine Supply Co. v. Brunswick Corp.,* 649 F.2d 1049, 1056 (5th Cir.), *cert. denied,* 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981). We refuse to consider the argument.

AFFIRMED.