JONES, Justice.
Defendant Newco Manufacturing Company, Inc. (Newco), filed a petition for a writ of mandamus to issue to the Honorable Stuart A. Leach, Circuit Judge, directing him (I) to quash the service of process on Newco or dismiss Plaintiff’s cause of action against Newco for lack of in person-am jurisdiction, or (II) to enter summary judgment in favor of Newco on the ground that Plaintiff’s complaint failed to state a cause of action against Newco for which relief could be granted. We deny the writ.
The cause of action giving rise to this petition was filed by Plaintiff, Patricia E. Smith, on August 26, 1983, in Jefferson County Circuit Court, for the wrongful death of her husband, James David Smith, on July 25, 1983, in Knoxville, Tennessee. Smith was fatally injured when he was struck by a falling grit blast machine, a piece of equipment weighing several tons. At the time of the accident Smith was employed by Southern Railway Company (Southern) for the purpose of making repairs on the grit blast machine.
Plaintiff’s original complaint named as parties defendant Southern; the Pangborn Company (Pangborn), manufacturer and installer of the machine; and various fictitious defendants. On June 27, 1984, Plaintiff substituted Newco, manufacturer of thimble clamps which were components of the grit blast machine, and Harnischfeger Corporation (Harnischfeger), manufacturer of other component parts of the grit blast machine, as parties defendant.
Plaintiff and her husband were residents of Knoxville, Tennessee, and the accident occurred in Knoxville. Plaintiff brought *869 the action in the Jefferson County Circuit Court under the Federal Employers’ Liability Act against Southern, and under the Tennessee products liability act (Tenn.Code Ann. § 29-28-101, et seq. (1978)) against the remaining defendants. Newcoo filed a motion to dismiss for lack of in personam jurisdiction and a motion for summary judgment based on the 10-year statute of repose contained in the Tennessee statute. Both motions were denied and Newco filed its petition for writ of mandamus in this Court.

I. Motion to Dismiss for Lack of Jurisdiction

In its petition, Newco devotes a great deal of discussion to which it claims indicate a lack of the requisite minimum contacts with Alabama, as the forum state, to justify in personam jurisdiction over Newco under A.R.Civ.P. 4.2(a)(2). We find, however, that Newco’s dealings with customers in Alabama do, indeed, provide sufficient contacts to support the denial of Newco’s motion to dismiss for lack of jurisdiction.
It is not contested that the clamps manufactured by Newco were sold in Maryland to Pangborn for inclusion in the grit blast machine. Nor is it contested that Newco does not have a registered agent in Alabama and conducts its Alabama sales either through an independent manufacturer’s representative (who is under no direction from Newco) or through telephone and mail contacts which result in orders shipped F.O.B. Kansas City, the headquarters of Newco.
We agree with Newco that, because the allegedly defective clamps were not sold in Alabama and because the decedent’s fatal accident did not occur in Alabama, the instant lawsuit does not relate to or arise from Newco’s contacts with Alabama; therefore, Newco is not subject to “specific” jurisdiction in Alabama. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 413, 104 S.Ct. 1868, 1872, f. 8, 80 L.Ed.2d 404 (1984). We must determine, then, whether sufficient contacts exist between Alabama and Newco so that due process is not offended in subjecting Newco to Alabama’s “general” jurisdiction. Helicopteros, 466 U.S. at 413, 104 S.Ct. at 1872, f. 9. In other words, the nature of the contacts between the forum state and the party over whom jurisdiction is sought must be examined to determine whether those contacts constitute continuous and systematic general business contacts which would support a reasonable exercise of jurisdiction by the forum state. Helicópteros, supra; see, also, Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).
We find that Newco engages in that continuous and systematic course of conduct in Alabama, albeit through an independent manufacturer’s representative or the telephone and mail services, that will support a reasonable exercise of jurisdiction by the courts of Alabama. Newco’s annual sales in Alabama during the period of January 1979 to December 1984 ranged from $65,000 to $85,000, with a total of 2,000 transactions. Newco’s contacts with Alabama are deliberate rather than fortuitous and, therefore, it was reasonably foreseeable that Newco, in purposefully doing business in Alabama, would at some point both need the protection and invoke the jurisdiction of the courts of Alabama. See Pedalahore v. Astropark, Inc., 745 F.2d 346 (5th Cir.1984). Newco avails itself of the privilege of making sales (and profits) in Alabama in a continuous and systematic course of merchandising. For the privilege of conducting such activities, Newco must bear the burden commensurate with the benefits received from its sales in Alabama.
“Jurisdiction in these circumstances may not be avoided merely because the defendant did not physically enter the forum State. Although territorial presence frequently will enhance a potential defendant’s affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications *870 across state lines, thus obviating the need for physical presence within a state in which business is conducted. So long as a commercial actor’s efforts are 'purposefully directed’ toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.” (Emphasis original.) (Cites omitted.)
Burger King Corporation v. Rudzewicz, — U.S. -, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985).

II. Motion for Summary Judgment

There is no more clearly stated rule in Alabama law than that mandamus may not be used as a substitute for appeal. Ross v. Luton, 456 So.2d 249 (Ala.1984). In its Mandamus petition as addressed to its motion for summary judgment based on the statute of repose contained in the Tennessee products liability act, Newco seeks “to do by mandamus that which can be done on appeal.” Ex parte South Carolina Insurance Company, 412 So.2d 269 (Ala.1982).
WRIT DENIED.
TORBERT, C.J., and MADDOX, SHORES and ADAMS, JJ., concur.