**PETROLEUM HELICOPTERS, INC.**

v.

**AVCO CORPORATION, et al.**

**Civ. A. No. 84–1953—Section O.**

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Dec. 3, 1985.

Kenneth H. Laborde, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for plaintiffs.

Howard Daigle, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendants.

## RULING

SHAW, District Judge.

This matter comes before the Court as a motion to dismiss by the defendant, Garrett Corporation (Garrett), for lack of personal jurisdiction.

In July 1983, a 1981 Aerospatiale AS-350 helicopter, N5774X, owned and operated by plaintiff, Petroleum Helicopters, Inc. (PHI), emergency landed in the Gulf of Mexico beyond the territorial limits of the state of Louisiana. The helicopter sank causing severe damage for which PHI instituted suit for property damage. PHI invokes this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333.

PHI named several defendants including Garrett, the manufacturer of the floatation devices which were installed on the aforementioned aircraft. PHI asserts that the accident sued upon was caused by the breach of express and/or implied warran-

ties by defendant Garrett to PHI that the floatation devices and their component parts were of merchantable quality and free from inherent vices or defects and fit for their normal and intended uses.

Plaintiff, PHI, effected services of process on Garrett pursuant to the Louisiana Long-Arm Statute,[1] by serving the Louisiana Secretary of State. Although Garrett has not challenged the technical effectiveness of the physical service, it does attack its amenability to the jurisdiction of this Court.

Garrett is a California corporation with its principal office and place of business located in Los Angeles, California. Garrett's Air Cruisers Company Division, in Belmar, New Jersey, manufactures and markets floats to manufacturers of the helicopters for inclusion into the completed aircraft.

The floats on the helicopter at issue were manufactured by Air Cruisers in New Jersey and sold to Aerospatiale Helicopter Corp. (AHC) for use in helicopters assembled by AHC in Texas.

Garrett argues first that where the assertion of personal jurisdiction over a nonresident defendant such as Garrett depends on a state statute (LSA–R.S. 13:3201, *et seq.*), state law always governs amenability to jurisdiction, even in federal question cases, and the federal court can use the state's long-arm statute only to reach those parties whom a court of the state could also reach under it. *Burstein v. State Bar of California,* 693 F.2d 511 (5th Cir.1982). Plaintiff has relied on the Louisiana Long-Arm Statute, LSA–R.S. 13:3201(1) for the assertion of personal jurisdiction over Garrett and R.S. 13:3204 for assertion of service of process on Garrett under the enabling authority of Federal Rule of Civil Procedure 4(e).[2]

PHI asserts that the Court has jurisdiction over Garrett pursuant to La.R.S. 13:3201(1). PHI also argues that if the Court does not so find, that in a federal question case, the fifth amendment's guarantee of due process alone controls the defendant's amenability to suit. In other words, PHI argues that jurisdiction over Garrett could properly be asserted without reference to the Louisiana Long-Arm Statute since the subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1333.[3]

This Court must first determine whether Garrett's amenability to personal jurisdiction is governed by a federal or state standard. The question in this case is what standard of amenability should apply when the plaintiff's claim is founded upon federal question jurisdiction, (28 U.S.C. § 1333) but

---

1. La.R.S. 13:3204 states:

    A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.

    Service of process so made has the same legal force and validity as personal service on the defendant in this state. Added Acts 1964, No. 47, § 3.

2. Rule 4 states:

    (e) Summons: Service Upon Party Not Inhabitant of or Found Within State: Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the

circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

3. 28 U.S.C. § 1333(1) states:

    The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

service of process is effected under the state long-arm statute.

Plaintiff urges the Court to follow *Lapeyrouse v. Texaco, Inc.,* 693 F.2d 581 (5th Cir.1982) wherein a Fifth Circuit panel declined to refer to a state long-arm statute to determine jurisdiction in a suit brought pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331. However, this Court has chosen to follow *Burstein v. State Bar of California,* 693 F.2d 511 (5th Cir.1982) and *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260 (5th Cir.1983) which cases held that when a federal question case is based upon a federal statute that is silent as to service of process, and a state long-arm statute is therefore utilized to serve an out-of-state defendant, the Federal Rules of Civil Procedure governing personal service require that the state standard of amenability to jurisdiction applies. (Fed.Rules Civ.Proc. Rule 4(e)). In *Burstein,* a Louisiana resident sued the State Bar of California under 42 U.S.C. § 1983 and also raised diversity claims of negligence and breach of contract. In *DeMelo,* a worker and his wife brought claims against manufacturers based upon general maritime law and the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905 (1976). In both *Burstein* and *DeMelo* state long-arm statutes were used to effect service of process. 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1075 at 313 supports the Court's position. Wright and Miller state "on balance, then, it would seem that state law always should govern amenability when a state statute is used pursuant to 4(e)." Further, section 1075, p. 177 of the Wright & Miller pocketpart states "The general practice in federal question cases has been that questions of whether a foreign corporation is amenable to process are determined in accordance with concepts of due process developed with reference to state long-arm statutes."

Having determined that it is necessary to decide whether personal jurisdiction exists over Garrett under the Louisiana Long-Arm Statute, the Court next has a dual inquiry; namely, whether Louisiana has provided by its long-arm statute for the assertion of jurisdiction in the context of the situation under scrutiny and assuming the answer is yes, the question arises whether the assertion of jurisdiction is constitutionally permissible.

PHI urges the Court to find jurisdiction over Garrett pursuant to La.R.S. 13:3201(1) which states "a court may exercise personal jurisdiction over a non-resident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the non-resident: (1) Transacting any business in this state." Garrett denies the applicability of La.R.S. 3201(1) because PHI's cause of action does not "arise from" the business transacted in Louisiana.

There has been much confusion in the courts on the issue of whether Louisiana courts will insist upon a nexus between business transacted in the state and an asserted claim as a prerequisite to the exercise of *in personam* jurisdiction under that state's long-arm statute. In *Pedelahore v. Astropark, Inc.,* 745 F.2d 346 (5th Cir. 1984), a panel of Fifth Circuit judges concluded that the Louisiana Long-Arm Statute does not require a nexus between the business transacted in Louisiana and the asserted claim. There, the court subjected a Texas amusement park to *in personam* jurisdiction in Louisiana due to the fact that the park actively advertised in Louisiana, that a sales representative for Louisiana was appointed and the park had significant numbers of Louisiana customers. The court's decision was based on these minimal contacts with Louisiana and the fact that it was not unfair to require the park to defend itself in Louisiana because its contacts with Louisiana were deliberate, not fortuitous.

Since *Pedelahore* held that Louisiana law does not require a causal connexity, the court did not discuss how the plaintiff's cause of action fell within the Louisiana Long-Arm Statute or which section of the statute was applicable. The court omitted a discussion of the Louisiana Long-Arm Statute's applicability to plaintiff's cause of

action and proceeded directly into a discussion of the due process two-pronged test.

■■■ In a case involving an issue of lack of personal jurisdiction, it is this Court's opinion that the threshold question to decide is which, if any, section of the Louisiana Long-Arm Statute is applicable to plaintiff's cause of action. Having established this, the Court must then determine whether the state of Louisiana would assert long-arm jurisdiction over the defendant under the applicable section of the statute. If this question is answered affirmatively, the Court must then determine that the exercise of personal jurisdiction is consonant with "traditional notions of fair play and substantial justice" and that the nonresident defendant had sufficient "minimum contacts" with the forum state so as to avoid offending the due process clause of the fourteenth amendment. These steps are important because if the plaintiff cannot assert that a section of the long-arm statute applies to the defendant by its literal wording, then the due process dual inquiry is unnecessary. The Louisiana Long-Arm Statute consists of eight sections. It states:

3201. Personal jurisdiction over nonresidents

A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

(1) Transacting any business in this state.

(2) Contracting to supply services or things in this state.

(3) Causing injury or damage by an offense or quasi-offense committed through an act or omission in this state.

(4) Causing injury or damage in this state by an offense or quasi-offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

(5) Having an interest in, using or possessing a real right on immovable property in this state.

(6) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the non-resident formerly resided in this state.

(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream or commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

It is this Court's opinion that sections (1) and (2) apply to contractual based causes of action rather than tortious causes of action. *King v. Carnival Cruise Lines, Inc.* (W.D.La. Slip Op. No. 82–2791) For causes of action based on tort rather than contract, sections (3), (4) and (8) are applicable. This distinction is important because contract actions which fall under (1) and (2) of 3201 require less contacts with the state than do tort actions which fall under sections (3), (4) and (8) of 3201. This analysis of the long-arm statute is supported by the fact that if (1) and (2) were applicable to tort actions, then (3), (7) and (8) would be unnecessary additions to the statute. Hence, section (1) "transacting any business in this state" should only be used when the plaintiff's cause of action is based on contract. It is not applicable to tort based causes of action with the possible exception of products liability cases as discussed below.

In two Louisiana court cases subsequent to *Pedelahore*, the courts required a nexus between the defendant's business and the plaintiff's claims. These cases also recognize the distinction between contractual and tortious causes of actions and their applicability under the long-arm statute.

In *Robinson v. Vanguard Ins. Co.*, 468 So.2d 1360 (La.App. 1st Cir.1985), the court held that the district court had no jurisdiction over actions against a nonresident manufacturer for damages arising from an airplane crash in Mississippi, where the facts did not show that the cause of action arose from the manufacturer's transaction of business in Louisiana. The *Robinson* court also stated in footnote # 2, p. 1362 that "Typically, a products liability case action a nonresident manufacturer is brought under La.R.S. 13:3201(3) or (4)". The court used the term "typically" because it is possible in a products liability action for a plaintiff who has been injured to avail himself or herself of 13:3201(1) or (2). C.f. *Fisher v. Albany Machine & Supply Company*, 261 La. 747, 260 So.2d 691 (1972). This is so because a products liability action is an interweave of contract and tort principles. C.f. *Philippe v. Browning Arms Co.*, 395 So.2d 310 (La.1980). In *Alba v. Riviere*, 457 So.2d 33 (La.App. 4th Cir.1984) the court held that since plaintiff's cause of action did not arise from any transaction of business by any of the defendants in the state, such defendants were not subject to the jurisdiction of Louisiana courts. The *Alba* court also stated "But SOS did not transact any business in La. in a *contractual* sense, (emphasis added), or by a presence in La. ... and plaintiff's cause of action cannot fairly be said to be one 'arising from' SOS's transacting business here within subd. (1) ...)" (of La.R.S. 13:3201).

■ A panel of the Fifth Circuit recently has followed the Louisiana courts and held that state courts will insist upon a nexus between business transacted in the state and an asserted claim as a prerequisite to the exercise of *in personam* jurisdiction under the Louisiana Long-Arm Statute. *Farnham v. Bristow Helicopters*, 776 F.2d 535 (5th Cir.1985). Although this Court

agrees with the *Farnham* court's conclusion, it is of the opinion that section (1) of the long-arm statute was not applicable to that case since the cause of action was based on tort. The facts in *Farnham* were: The survivors of a man killed in a helicopter owned by an Indonesian corporation sued Bristow Helicopters, Inc., a Delaware corporation. Since the plaintiff's cause of action did not arise from any contract, it is submitted that section (1) of the long-arm statute was inapplicable for that reason. The case at bar, however, is distinguished from *Farnham* because the plaintiff's cause of action in this case arose from breach of express and/or implied warranties by Garrett to PHI. This is clearly contractual rather than delictual.[4] *Farnham* involved plaintiff's assertion of a claim for personal injury to the deceased. PHI asserts an action closely resembling breach of contract. Accordingly, plaintiff is correct in asserting jurisdiction over defendant under Section (1) of 3201.

■ The Court must now determine whether the business transacted by Garrett in Louisiana has a sufficient connexity or nexus to the plaintiff's claim to enable this Court to assert personal jurisdiction over Garrett.

Garrett has admitted that it has in the past transacted business in Louisiana but asserts that the cause of action herein does not arise from business previously transacted. The facts establish that Garrett derived a substantial amount of revenue from sales to Louisiana; for sales in 1980, Garrett derived $1,321,755; for 1981, $2,533,932; for 1982, $1,905,503 and for 1983, $1,322,323. An account executive from Garrett visits Louisiana on an average of once a month to discuss Garrett equipment; Garrett representatives visit Louisiana in order to train users of Garrett products; twice yearly, a mobile van is dispatched from Garrett's facility in Houston, Texas to

---

**4.** Even had the court found that this case sounded in tort rather than contract, the result would be the same. There was no act or omission committed within Louisiana as required by La. R.S. 13:3201(3). Further, the helicopter crashed outside the territorial waters of Louisiana and

therefore the damage did not occur within the state as required by 13:3201(4) and (8). *Offshore Logistics, Inc. v. M/V Maersk Transporter*, (E.D.La.1984, Slip Op. No. 84–135). Consequently, sections (3), (4) and (8) of the long-arm statute are not applicable to plaintiff's claim.

Louisiana for servicing of Garrett products; Garrett mails service bulletins and service information letters directly to customers in Louisiana and advertises in a wide variety of national publications which are sold in Louisiana; and Garrett shipped helicopter floats to PHI in 1980 and 1981. Despite these facts, this Court does not find the required nexus between plaintiff's claim and defendant's business because Garrett did not sell or supply the emergency floats or contract to sell or supply these floats in question to anyone in Louisiana, nor did Garrett sell or supply or contract to sell or supply any emergency floats for fitting to AS–350 aircraft in Louisiana during 1980 and 1981. There is no evidence of any contractual agreement between PHI and Garrett in the record.

Since the Court finds that there is no nexus between plaintiff's cause of action and defendant's business as required by Louisiana courts, the Louisiana Long-Arm Statute is not applicable. A discussion of due process is therefore not necessary since the long-arm statute is not available to plaintiff. Accordingly, defendant Garrett's motion to dismiss for lack of personal jurisdiction is GRANTED.