FRED W. JONES, Jr., Judge.
Plaintiff, Superior Supply Company (“Superior” — a Texas corporation with its principal place of business in Shreveport), appealed a judgment sustaining an exception of lack of in personam jurisdiction over defendant, Associated Pipe & Supply (“Associated” — a Colorado corporation). Find *559 ing no error in the trial court’s ruling, we affirm.
According to the somewhat meager record, on three occasions in 1985 Associated sent an employee to Shreveport allegedly to solicit business. Although there is no evidence that such solicitation led to any sales, Associated admitted they were “transacting business” within the state on these three occasions. The record is devoid of any other indication of business activity in Louisiana. The last trip to Shreveport by an Associated employee was on April 2, 1985.
Over two months later, on June 17, 1985, Superior telephoned Associated at its Colorado offices and ordered 6,710 feet of steel casing. Superior quickly resold the casing and requested Associated ship it to the transferee at a well site in Zapata County, Texas. Associated shipped the casing from its warehouse in Houston, Texas (where transfer of title occurred) to the well site in Zapata County. In July, the transferee discovered the casing was defective and made a claim against Superior. Superior reimbursed the transferee for the defective casing ($54,006.43) and then sued Associated for the same amount.
The trial court found there were not “sufficient minimal contacts arising out of” Associated’s activities in Louisiana for the state to confer personal jurisdiction and still meet the constitutional due process requirements as set forth in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 220, 90 L.Ed. 95 (1945); and McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).
Superior appealed, noting several “issues”. Essentially it contends the lower court erred in sustaining the exception because the Louisiana Long Arm Statute is applicable and the facts meet due process requirements.
The threshold issue presented in this appeal is the reach of the Louisiana Long Arm Statute (La.R.S. 13:3201) which provides in part:
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi-offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi-offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state, (emphasis added).
[[Image here]]
There are two prongs to the well-recognized test which must be met before a state long-arm statute can confer jurisdiction over a nonresident. First, the nonresident must be amenable to service under the statute and second, conferring jurisdiction over the nonresident must be consistent with the due process clause of the Fourteenth Amendment. Due process requires that a nonresident have “sufficient minimal contacts” with the forum state such that the maintenance of the suit does not offend “traditional notions of fair play and substantial justice.” International Shoe Co. v. Washington, supra; McGee v. International Life Insurance Co., supra.
Our first inquiry is whether Associated’s particular activity is encompassed by the Louisiana Long Arm Statute, i.e., is Associated amenable to service under the statute?

Louisiana Long Arm Statute

The Louisiana Long Arm Statute permits the exercise of in personam jurisdiction over a nonresident defendant to the full limits of due process under the Fourteenth Amendment in cases where the suit *560 arises from contacts of the nonresident with the state of Louisiana. Runnels v. TMSI Contractors, Inc., 764 F.2d 417 (5 Cir.1985); Courtesy Ford, Inc. v. Weatherly, 485 So.2d 93 (La.App.2d Cir.1986); Rush v. Matson Navigation Co., 221 So.2d 265 (La.App.2d Cir.1969).
In Rush we held that one of the factors in La.R.S. 13:3201 must apply and even then jurisdiction is conferred only if the cause of action arose out of one of these jurisdictional bases. Indeed, La.R.S. 13:3202 specifically provides that when personal jurisdiction over a nonresident is based solely upon La.R.S. 13:3201, only a cause of action arising from acts or omissions enumerated therein may be asserted against him.
In Rush we found no nexus between plaintiff’s cause of action and defendant’s business activities in Louisiana. See also Gertler v. Gondola Ski Shop, Inc., 384 So.2d 856 (La.App. 4th Cir.1980), writ denied, 392 So.2d 682 (La.1980). There, the foreign corporation did conduct some business in Louisiana, but plaintiff’s cause of action arose when she was injured in Colorado using defendant’s defective ski equipment which had been purchased in Colorado. Plaintiff’s cause of action did not arise from defendant’s business activities in Louisiana — the cause arose out of Colorado activities and the court declined to find jurisdiction over the defendant by Louisiana courts.
Plaintiff Superior argues that Associated’s admission of “transacting business” is sufficient to confer jurisdiction under Louisiana’s Long Arm Statute. It ignores the “arising from” language in the first sentence of the statute.
Superior relies heavily upon Pedelahore v. Astropark, Inc., 745 F.2d 346 (5 Cir.1984) in asserting that there need not be a causal relationship between the nonresident’s contacts with Louisiana and the incident giving rise to the cause of action. In Pedelahore a Louisiana resident was injured at a Texas amusement park which had directed advertising at Louisiana, appointed a sales representative for Louisiana, and Louisiana patrons were second in number only to Texas patrons at the park. The court noted, at page 384, that “under the Louisiana long-arm statute there need not be a causal relationship between the non-resident’s contacts within the state and the incident giving rise to the action.” We believe the U.S. 5th Circuit misinterpreted Louisiana case law. See Rush, supra; Alba v. Riviere, 457 So.2d 33 (La.App. 4th Cir.1984), writ denied, 462 So.2d 194 (La.1984).
In Farnham v. Bristow Helicopters, Inc., 776 F.2d 535, 537 (5 Cir.1985), the 5th Circuit retreated from the “no nexus required” rationale. The Louisiana Court of Appeal for the 1st Circuit has specifically rejected the Pedelahore decision: Robinson v. Vanguard Insurance Co., 468 So.2d 1360, 1370 (La.App. 1st Cir.1985), writ denied, 472 So.2d 34, 924 (La.1985). Additionally, the Court of Appeal for the 4th Circuit required the plaintiff’s cause of action to arise from the nonresidents’ transacting of business within the state in Koeniger v. Lentz, 450 So.2d 680 (La.App. 4th Cir.1984) and Gertler v. Gondola Ski Shop, Inc., supra.
As recently as August 1986 (First State Bank of Warren v. The Sterlington Bank, 493 So.2d 673 (La.App. 2nd Cir.1986), we reaffirmed the interpretation of La.R.S. 13:3201 as requiring that before a Louisiana court may confer jurisdiction over a nonresident, the cause of action must arise from any one of eight specific activities performed by the nonresident. We find that only the first and fourth potentially apply in this case: (1) transacting any business in this state, and (4) causing injury or damage in Louisiana committed through an act or omission outside Louisiana if the nonresident “regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.”
*561 In regard to (1), Associated admits it was transacting business in Louisiana. But, the only evidence of a connection between Associated and Louisiana are the three prior appearances of Associated’s sales representative. However, there is no evidence in the record that the June 1985 telephone order by Superior arose from any of these three sales representative’s trips to Shreveport. In fact, the telephone call order occurred over two months after the sales representative’s last trip.
As to (4), Superior argues it suffered economic injury in Louisiana through Associated’s alleged breach of contract in supplying defective goods in Texas. Again, the record presents no evidence that Associated “regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.” The only evidence to support the allegation that Associated regularly solicits business in Louisiana is contained in Superior’s employee’s affidavit attached to the brief in opposition to the exception, which referred to the three lunch meetings in Shreveport with Associated’s salesman. There is no proof that Superior’s June telephone call was a result of or arose from any of these solicitations. We have previously held that occasional mail orders from Louisiana to nonresidents does not confer jurisdiction over the nonresident. Riverland Hardwood Co. Inc. v. Craftsman Hardwood Co., 259 La. 635, 251 So.2d 45 (1971).
In Trahan v. Manco Products, Inc., 479 So.2d 979 (La.App. 3d Cir.1985), the court held a nonresident manufacturer of go-carts subject to jurisdiction by Louisiana courts when a Louisiana resident was injured in Louisiana by a defective cart. The manufacturer advertised in national trade magazines, participated in southern trade shows and attracted dealers and retailers from Louisiana. It sold directly to Louisiana residents and shipped replacement parts to the state. The manufacturer was found to solicit business regularly in a persistent course of conduct, and derived substantial revenue from goods used or consumed or services rendered in Louisiana. There is no evidence of this type of contact with Louisiana by Associated.
In Courtesy Ford, Inc. v. Weatherly, supra, we upheld a finding of jurisdiction over Arkansas defendants when they twice came to Louisiana to purchase cars and the Louisiana plaintiff’s cause of action arose out of one of the transactions with defendants in Louisiana.
We therefore conclude that, based upon this record, the Louisiana Long Arm Statute is not applicable where plaintiffs claims do not arise out of any activity or business within Louisiana. Since we find the Louisiana Long Arm Statute is inapplicable, it is unnecessary to consider the due process prong of the jurisdictional test.
In summary, the three prior appearances of Associated’s sales representative are the only evidence of a connection between Associated and Louisiana. The cause of action rises from the placement of an order for steel casing from plaintiff to defendant in Colorado. There is no evidence of a connection between Associated’s employee’s visits and the telephone call from which the cause of action arose. The cause of action appears to lie in Texas. The steel casing was delivered and allegedly found to be defective there. Witnesses undoubtedly will be found in or near Zapata County, Texas.
For these reasons, the judgment of the district court sustaining defendant’s exception of lack of jurisdiction is affirmed, at appellant’s cost.