PETROLEUM HELICOPTERS, INC., Plaintiff-Appellant,

v.

AVCO CORPORATION, et al., Defendants-Appellees.

No. 86–4144.

United States Court of Appeals, Fifth Circuit.

March 9, 1987.

Lisa J. Miley, McGlinchey, Stafford, Mintz, Cellini & Lang, Kenneth H. Laborde, New Orleans, La., for plaintiff-appellant.

Howard Daigle, Jr., Stephen P. Hall, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Garrett Corp.

Before BROWN, RUBIN, and GARWOOD, Circuit Judges.

PER CURIAM:

A Louisiana company sued a California manufacturer for property damage sustained when its helicopter sank in the coastal waters off Louisiana shores. It alleged that the accident was caused at least in

part by a defect in the helicopter float that had been made by the manufacturer and sold by it in New Jersey to a Texas company. The district court dismissed the action for lack of personal jurisdiction over the manufacturer under Louisiana's long-arm statute.[1] In our earlier opinion, we decided to certify to the Louisiana Supreme Court the question of the long-arm statute's applicability.[2]

In response to our direction,[3] the parties have submitted proposed statements of the case and phrasing of the question for certification. We now certify the question stated below to the Louisiana Supreme Court. The parties' agreed statement of the facts, in which we concur, is as follows:

## I.

In July 1983, a 1981 Aerospatiale AS–350 helicopter, N5774X, owned and operated by Petroleum Helicopters, Inc., emergency landed in the Gulf of Mexico beyond the territorial limits of Louisiana. The helicopter sank, giving rise to Petroleum Helicopters' instant suit for property damage.

Petroleum Helicopters named as defendants Aerospatiale Helicopter Corporation; Societe Nationale Industrielle Aerospatiale, the French parent of Aerospatiale Helicopter Corporation; Avco Corporation, which designed and manufactured the helicopter engine; and The Garrett Corporation, which designed and manufactured the aircraft's flotation devices.

Petroleum Helicopters effected service of process on Garrett pursuant to the Louisiana long arm statute, La.R.S. 13:3201, *et seq.*, by serving the Louisiana Secretary of State. Garrett has not challenged the technical effectiveness of this service, but contends the Louisiana long-arm statute does not permit a Louisiana court to assert personal jurisdiction over Garrett on the cause of action asserted. Petroleum Helicopters contends that jurisdiction was properly exercised under the Louisiana long-arm statute.

Petroleum Helicopters alleges in its complaint that Garrett, through its Air Cruisers Division, designed, manufactured, and assembled the defective flotation devices and that Garrett breached an express and/or implied warranty that the flotation devices and their component parts were fit for their normal and intended uses.

Garrett is a California corporation whose principal place of business is in Los Angeles. It has no property or offices in Louisiana, nor are any of its employees based there. Garrett's business involves the manufacture and sale of various helicopter aerospace, and industrial products, including helicopter flotation devices.

Garrett has independent distributorship agreements for the distribution of its turbo chargers with Van Dusen in New Orleans, Aviall in Lafayette, and Gerhardts in Jefferson, Louisiana. Garrett entered into a contract with Delhomme Industries for the supply of turbo chargers in 1983.

Garrett admits that it has in the past transacted business in Louisiana. In 1980, Garrett derived $1,321,755 from Louisiana business transactions; 1981, $2,533,932; 1982, $1,905,503; and 1983, $1,322,323. A Garrett account executive visits Louisiana monthly to discuss the use of Garrett's engine equipment with customers; other Garrett representatives visit Louisiana in order to train users of Garrett's engine products; Garrett sends a mobile van to Louisiana semi-annually to service its engine products; Garrett mails Service Bulletins and Service Information Letters to customers in Louisiana; and Garrett advertises in a wide variety of national publications which are distributed in Louisiana.

Garrett's Air Cruisers Division manufactures approximately 80% of all helicopter flotation systems worldwide. Garrett sent a representative to Petroleum Helicopters' Louisiana facility on two occasions prior to the accident, for the purpose of training

---

1. *Petroleum Helicopters, Inc. v. Avco Corp.,* 623 F.Supp. 902 (W.D.La.1985).

2. *Petroleum Helicopters, Inc. v. Avco Corp.,* 804 F.2d 1367, 1372 (5th Cir.1986).

3. *Id.* at 1373.

Petroleum Helicopters personnel to service floats manufactured by Garrett. In March of 1982, a Garrett representative visited Energy Helicopters in Houma for the same purpose. Additional undocumented trips may have been made for this purpose.

Garrett sells its flotation devices principally to original equipment manufacturers, such as Aerospatiale Helicopter, for incorporation into helicopters they subsequently assemble. Garrett occasionally ships replacement floats directly to helicopter operators. In 1980, Garrett shipped twelve replacement floats for Bell 206 helicopters to Petroleum Helicopters' Louisiana facility. In 1981, Garrett shipped seven replacement floats to Petroleum Helicopters for Bell 206 helicopters. In 1982, Garrett shipped a replacement float for a BO–105 helicopter to Petroleum Helicopters and two replacement floats were shipped to another customer in Louisiana.

Garrett received $23,500 in 1980, $4,000 in 1981, and $16,000 in 1982 for the sale of these replacement floats to Louisiana entities. Of these amounts, Garrett received $5,000 in 1980, $4,000 in 1981, and $11,000 in 1982 from Petroleum Helicopters for the sale of flotation equipment. These sales were made FOB New Jersey and constituted less than one percent of the Garrett Air Cruisers Division's gross sales in each of the years 1980, 1981, and 1982. These replacement floats were not manufactured to be fitted to AS–350 aircraft and could not have been utilized on the AS–350 helicopter involved in this action.

Garrett did not sell or supply, or contract to sell or supply, any flotation devices for AS–350 aircraft to anyone in Louisiana. Garrett did not sell or supply the floats at issue or contract to sell or supply these floats to anyone in Louisiana. The flotation devices at issue were manufactured at Air Cruisers in Belmar, New Jersey, and sold to Aerospatiale Helicopter Corporation in Fort Worth, Texas, for helicopters assembled by Aerospatiale Helicopter Corporation in Texas.

Garrett had no control over the subject flotation devices from the time they were delivered to Aerospatiale Helicopter Corporation in Texas, and Garrett had no knowledge of what particular helicopter onto which the flotation devices would be installed or the identity of the ultimate purchaser of the helicopter onto which the flotation devices were installed. In 1980, Aerospatiale Helicopter Corporation's sales of helicopters to Petroleum Helicopters were nineteen percent of its volume and in 1981 these amounted to eight percent. In each year, Garrett floats were incorporated into eight percent of Aerospatiale Helicopter Corporation's helicopters. There is no contractual agreement between Petroleum Helicopters and Garrett relative to the subject flotation devices.

## II.

The district court dismissed Petroleum Helicopters' action for lack of personal jurisdiction under Louisiana's long-arm statute.[4] On appeal, however, we found that the applicability of the long-arm statute was unclear under the decisions of the Louisiana courts.[5] After determining that due process permits a Louisiana court to assert personal jurisdiction over Garrett and that therefore the long-arm statute question would be dispositive, we decided to certify the long-arm statute issue to the Louisiana Supreme Court.[6]

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA, PURSUANT TO RULE XII, LOUISIANA SUPREME COURT RULES

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

## I. STYLE OF THE CASE

The style of the case in which certification is made is Petroleum Helicopters, Inc.,

4. *Petroleum Helicopters,* 623 F.Supp. at 908.

5. *Petroleum Helicopters,* 804 F.2d at 1369.

6. *Id.*

Plaintiff-Appellant, versus Avco Corporation, et al., Defendants-Appellees, Case No. 86–4144, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court of the Western District of Louisiana.

## II. QUESTION CERTIFIED TO THE SUPREME COURT OF LOUISIANA

The following question of law is hereby certified to the Supreme Court of Louisiana for instructions based upon the facts recited herein:

Was the service of process made on Garrett Corporation in this case valid under Louisiana Rev.Stat.Ann. § 13:3201(1) (West Supp.1986)?

We disclaim any intention or desire that the Supreme Court of the State of Louisiana confine its reply to the precise form or scope of the question certified.

This court also certifies to the Louisiana Supreme Court that its answer to this question will be determinative of the issue of the validity of service of process in this case.

The record in this case, together with the copies of the parties' briefs, is transmitted herewith.

QUESTION CERTIFIED.