**INTERFIRST BANK CLIFTON, Plaintiff-Appellee,**

v.

**Julian E. FERNANDEZ, Defendant-Appellant.**

No. 87–1321.

United States Court of Appeals, Fifth Circuit.

Aug. 12, 1988.

---

6. 622 F.Supp. 319, 331 (N.D.Cal.1985).

7. 21 U.S.C. § 846.

8. 18 U.S.C. § 1962(d) (1982).

Naman Howell, Smith & Lee, P.C., Steve Moody, Waco, Tex., Rudy J. Cerone, B. Franklin Martin, III, New Orleans, La., for defendant-appellant.

George Philip Robertson, Steve Robertson, Clifton, Tex., for plaintiff-appellee.

## ON PETITION FOR REHEARING

Before RUBIN, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In response to appellant's motion for rehearing, Part III Choice of Law of the original opinion in this case 844 F.2d 279, 285–87, is withdrawn and the following revised Part III is substituted therefor. No other changes are made, and the holding remains the same. The motion for rehearing is denied.

### III. *Choice of Law*

The district court determined, based on the choice-of-law clause contained in the loan agreement, that Texas law governs this deficiency action. Fernandez attacks the district court's decision on several grounds.

First, he claims that because the choice-of-law clause was contained only in the loan agreement and not in the Louisiana security instrument, the clause does not control this action. We agree with the district court, however, that the choice-of-law clause contained in the loan agreement sufficiently shows the parties' intention to be bound by Texas law. We need not impose the additional requirement that a Texas choice-of-law clause be included in the Louisiana security agreement as well, particularly when Fernandez also signed a Texas security instrument in conjunction with the note and the loan agreement. Furthermore, the district court's finding that the parties intended Texas law to apply is bolstered by the letter in which Fernandez agreed to Texas foreclosure procedures.

Fernandez claims next that the Louisiana Deficiency Judgment Act, La.Rev.Stat.Ann. § 13:4106 *et seq.*, invalidates the Texas choice-of-law clause. He cites § 4106 of the Act, which provides that a deficiency

judgment must be based on a properly held judicial sale with appraisement,[1] and § 4107, which bars the waiver of rights under § 4106.[2] Because the sale in this case was private, Fernandez claims a deficiency judgment is barred under Louisiana law.[3]

We find, however, that the Louisiana Deficiency Judgment Act does not come into play. A diversity court generally applies the choice-of-law rules of the state in which it sits. See Stuart v. Spademan, supra, 772 F.2d at 1195; Delhomme Industries, Inc. v. Houston Beechcraft, 669 F.2d 1049, 1052 (5th Cir.1982). Texas choice-of-law rules recognize valid choice-of-law clauses. Id.; Duncan v. Cessna Aircraft Co., 665 S.W.2d 414, 421 (Tex. 1984). Fernandez agreed to be bound by the law of Texas, which bears a reasonable relationship to the parties and to the transaction. See Stuart v. Spademan, supra, at 1195; Tex.Bus. & Com.Code Ann. § 1.105 (Vernon Supp.1988) ("when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties."). Moreover, there is no evidence that the agreement resulted from sham, subterfuge, or coercion. Stuart v. Spademan, supra, at 1195. The choice-of-law clause thus satisfies the requirements for validity under Texas law. We see no obstacle to its enforcement presented by the Louisiana Deficiency Judgment Act. Louisiana law simply does not apply to this foreclosure sale insofar as state choice of law rules determine the applicable law.

Fernandez raises as his third contention a significant argument that Texas law cannot control this case because the Federal Aviation Act of 1958 (FAA), Section 506, 49 U.S.C.App. § 1406, contains a federal choice-of-law provision requiring application of the law of the state where

1. La.Rev.Stat.Ann. § 13:4106 states:

   *Deficiency judgment prohibited if sale made without appraisement*

   If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, and the proceeds of the judicial sale therefore are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his property for such deficiency,....

2. La.Rev.Stat.Ann. § 13:4107 states:

   *R.S. 13:4106 cannot be waived; operation prospective*

   R.S. 13:4106 declares a public policy and the provisions thereof can not, and shall not be waived by a debtor, but it shall only apply to mortgages, contracts, debts or other obligations made, or arising on or after August 1, 1934.

3. We note that a recent amendment of the Louisiana Deficiency Judgment Act, § 13:4108(4), provides that the protections of § 4106 and § 4107 do not apply when the property or collateral is located outside of Louisiana and the creditor has elected to proceed under the laws of another state. La.Rev.Stat.Ann. § 13:4108 states in pertinent part:

   *Transactions which do not bar deficiency judgment*

   Notwithstanding any other law to the contrary, including but not limited to R.S. 13:4106 and 4107 *none of the following actions by a mortgagee or other creditor shall prohibit the mortgagee or other creditor from obtaining a deficiency judgment against any debtor, guarantor, or surety, notwithstanding the fact that a sale of property or collateral may have occurred at a judicial sale without appraisal, at a private sale with or without appraisal, or at a judicial sale with a defective appraisal:*

   (4) The mortgagee's or other creditor's exercise of its rights against property subject to a mortgage, pledge, privilege or encumbrance in favor of such creditor, *when the property or collateral is located outside the state of Louisiana, and the creditor has elected to proceed under the laws of the state, county, or territory where the property or collateral is then located* to seize for sale such property or collateral. [Emphasis added]

   The events of this case occurred prior to the enactment of § 4108(4), which most likely will not be applied retroactively by Louisiana courts. See *First Guaranty Bank, Hammond Louisiana v. Baton Rouge Petroleum Center, Inc.,* 529 So.2d 834, 842 n. 5 (La.1987) (rejecting retroactive application of La.Rev.Stat.Ann. § 13:4108.1). In any event, Louisiana case law points toward the application of Texas law on these facts. *See Universal C.I.T. Credit Corp. v. Hulett,* 151 So.2d 705 (La.Ct.App.1963).

the security instrument was delivered. Section 506 states in part:

The validity of any instrument the recording of which is provided for by § 1403 of this title shall be governed by the laws of the State, District of Columbia, or territory or possession of the United States in which such instrument is delivered.

It is Fernandez's argument that because the security interest in his plane was delivered and recorded in Louisiana, that state's law governs foreclosure.

Section 506 is a federal choice-of-law rule for determining the substantive validity of an aircraft security interest. *Philko Aviation Inc. v. Shacket,* 462 U.S. 406, 413 n. 7, 103 S.Ct. 2476, 2480 n. 7, 76 L.Ed.2d 678 (1983). This Circuit has interpreted "validity" in § 506 to include formal contractual requirements, such as consideration. *Bank of Lexington v. Jack Adams Aircraft Sales, Inc.,* 570 F.2d 1220, 1224 (5th Cir.1978). Unlike contract formalities, however, foreclosure procedures are separate from the inherent validity of a security instrument. *Cf. Matter of Gary Aircraft Corp.,* 681 F.2d 365, 371 (5th Cir.1982) (interpreting "validity" in § 503 of the FAA to exclude enforceability and priority). *See generally* R. Weintraub, *Commentary On the Conflict of Laws,* 480–81 (3d ed. 1986) (discussing scope of "validity" in UCC Article 9). Moreover, we find nothing in the legislative history of § 506 nor in the case law which indicates that Congress intended "validity" to include foreclosure procedures. Fernandez's contention that § 506 preempts state choice-of-law rules for determining which law governs aircraft foreclosure sales, is rejected. The district court properly looked to Texas conflict-of-law rules, and to Texas foreclosure law. See *Bank of Lexington, supra,* 570 F.2d at 1225.