**Eugene and Annie CLARK**

v.

**MORAN TOWING & TRANSPORTA-TION CO., INC. and MV MAUREEN MORAN, etc.**

**Civ. A. No. 89–5396.**

United States District Court,
E.D. Louisiana.

May 15, 1990.

Francis A. Courtenay, Jr., John M. Daves, Courtenay, Forstall, Guilbault, Hunter & Fontona, New Orleans, for plaintiffs.

Robert J. Barbier, Terriberry, Carroll & Yancey, New Orleans, La., for defendants.

## MEMORANDUM AND ORDER

SEAR, District Judge.

Plaintiffs Eugene and Annie Clark filed this suit against the defendants Moran Towing and Transportation Company and the M/V MAUREEN MORAN. Eugene Clark was employed as a seaman by defendant Moran Towing and Transportation Company and claims that he suffered injuries on February 16, 1989 while working aboard the M/V MAUREEN MORAN, a vessel chartered to Moran Towing and Transportation Company. The M/V MAUREEN MORAN was off the coast of New York at the time of the accident, and did not enter the Eastern District of Louisiana at any relevant time.

Defendant Moran Towing and Transportation Company is incorporated in the state of New York and has its principal place of business in Greenwich, Connecticut. It is not licensed to conduct business nor does it conduct business or have assets or offices in Louisiana. Defendant also claims that it does not have any employees in Louisiana

who work for the company.[1] Thus, defendant argues, personal jurisdiction does not exist and venue is improper in the Eastern District of Louisiana.

Based on the asserted lack of personal jurisdiction, defendant argues that service pursuant to Fed.R.Civ.P. 4(e) was defective because Louisiana law requires that personal jurisdiction exist to effect service pursuant to the Louisiana long-arm statute, La.Rev.Stat.Ann. § 13:3201 (West Supp. 1990). Defendant then argues that even if personal jurisdiction exists and venue is proper, I should transfer this case under the forum non conveniens doctrine. Finally, defendant moves for summary judgment on the basis that there is no dispute as to a material fact.[2]

Plaintiffs oppose all motions and argue that venue is proper and personal jurisdiction exists. Plaintiffs further contend that I should give their choice of forum due consideration when determining whether to transfer the case.

## A. Improper Venue and Improper Service

Venue is proper in the Eastern District of Louisiana if a defendant resides within this district. 28 U.S.C. § 1391(c). Section 1391(c) of Title 28 requires the court to perform a minimum contacts/due process analysis to determine whether a corporate defendant resides within the district for the purposes of venue.

(c) For the purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal juris-

diction if that district were a separate state....

28 U.S.C. § 1391(c).

Similarly, the ineffective service issue depends solely on whether this court has personal jurisdiction over the defendant.

Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, ... service may ... be made under the circumstances and in the manner prescribed in the statute or rule.

Fed.R.Civ.P. 4(e). Because the Jones Act does not contain a specific service provision, service is made pursuant to the law of the forum state.

Plaintiffs served the defendant in this case pursuant to the Louisiana long-arm statute, La.Rev.Stat.Ann. § 13:3201 (West Supp.1990). Defendant claims that this service is defective because defendant does not have the required minimum contacts with the forum state. In addition to the specifically listed instances of personal jurisdiction, section 13:3201 provides that "a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." La.Rev.Stat.Ann. § 13:3201(B) (West Supp.1990). Because Louisiana's long-arm statute permits service to the full extent of due process, the statutory and constitutional inquiries merge. *See Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1361 (5th Cir.1990). Thus, defendant's venue and ineffective service arguments depend solely upon whether this court has personal jurisdiction over it.

## B. Personal Jurisdiction

 When a challenge is made to the court's in personam jurisdiction, the party who seeks to invoke the district court's jurisdiction bears the burden of making a

---

**1.** *See* Memorandum in Response, at 2.

**2.** Defendant does not even mention the summary judgment motion in its supporting memoran-

dum, which addresses only the jurisdiction and venue arguments.

prima facie showing of sufficient facts to establish jurisdiction over the nonresident defendant.[3] In determining whether the plaintiff has established a prima facie case of personal jurisdiction, uncontroverted allegations in the complaint must be taken as true.[4] Additionally, all conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff.[5]

A federal court may exercise jurisdiction over a nonresident defendant provided state law confers such jurisdiction and its exercise comports with due process under the Constitution.[6] Louisiana Revised Statute section 13:3201(B), the Louisiana long-arm statute, provides for the exercise of personal jurisdiction over a nonresident on any basis consistent with the United States Constitution.[7] Thus, a federal court may exercise jurisdiction over a nonresident defendant to the full extent allowed under the fourteenth amendment.

■ The Supreme Court has established a two step inquiry to determine whether a nonresident defendant is subject to a district court's jurisdiction. First, the district court must consider whether the nonresident defendant purposefully established "minimum contacts" with the forum state such that maintenance of suit does not offend traditional notions of fair play and substantial justice. Second, even where minimum contacts exist, the court must consider whether requiring the defendant to litigate in the forum state would be unfair.[8]

1. Whether Moran Towing and Transportation Company has minimum contacts with Louisiana?

■ A defendant's contacts with a forum state may support general or specific jurisdiction. General jurisdiction refers to a suit that does not arise from the nonresident's contact with the forum, and is asserted only over defendants who maintain continuous and systematic contacts in a particular forum. *Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 415, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). Specific jurisdiction concerns a suit arising out of or related to a defendant's contacts with the forum state. *Id.* at 414 n. 8, 104 S.Ct. at 1872 n. 8.[9]

It is well settled that specific jurisdiction may arise without the nonresident defendant's ever stepping foot upon the forum state's soil or may arise incident to the commission of a single act directed at the forum. The appropriate inquiry is whether the defendant purposefully availed herself of the privilege of conducting activities in-state, thereby invoking the benefits and protections of the forum state's laws. Jurisdiction is improper if grounded in the unilateral activity of the plaintiff.

*Buillion,* 895 F.2d at 216 (citations and footnotes omitted).

Plaintiffs raise two separate bases for personal jurisdiction. First, they argue that defendant's employment recruitment

3. *Buillion v. Gillespie,* 895 F.2d 213, 217 (5th Cir.1990); *see also WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989); *Caldwell v. Palmetto State Savings Bank,* 811 F.2d 916, 917 (5th Cir.1987).

4. *Buillion v. Gillespie,* 895 F.2d 213, 217 (5th Cir.1990); *WNS, Inc.,* 884 F.2d at 204; *see also Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165 (5th Cir.1985).

5. *Buillion,* 895 F.2d at 217; *WNS, Inc.,* 884 F.2d at 204; *see also Thompson,* 755 F.2d at 1165.

6. *WNS, Inc. v. Farrow,* 884 F.2d 200, 202 (5th Cir.1989) (citing *Interfirst Bank Clifton v. Fernandez,* 844 F.2d 279, 282 (5th Cir.), *modified on other grounds,* 853 F.2d 292 (5th Cir.1988)).

7. *See also Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1361 (5th Cir.1990); *Standard Fit-*

tings Co. v. Sapag, 625 F.2d 630 (5th Cir.1980), cert. denied, 451 U.S. 910, 101 S.Ct. 1981, 68 L.Ed.2d 299 (1981); *Superior Supply v. Associated Pipe & Supply,* 515 So.2d 790, 796 (La.1987).

8. *See Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 107 S.Ct. 1026, 1029, 94 L.Ed.2d 92 (1987); *Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *see also Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1361 (5th Cir.1990); *Stuart v. Spademan,* 772 F.2d 1185, 1190 (5th Cir.1985).

9. *See also Petroleum Helicopters, Inc. v. Avco Corp.,* 804 F.2d 1367, 1369–70 (5th Cir.1986) (Rubin, J.).

contacts with Louisiana suffice to subject it to both the general and specific jurisdiction of this court. Next, plaintiffs rely on the activities of Moran Towing and Transportation Company's corporate parent and subsidiaries to support this court's exercise of general jurisdiction. Moran Towing and Transportation Company is, plaintiff alleges, the nucleus of the Moran Companies.[10] Plaintiffs contend that personal jurisdiction exists because the parent corporation and the subsidiaries regularly build vessels and barges in Louisiana, and these vessels continuously transact business in Louisiana waters and the Gulf of Mexico.[11]

The primary basis of defendant's argument for dismissal is that it has not engaged in any type of business activity that creates reasonably foreseeable consequences in this state. Defendant argues that even if it has some business contacts with Louisiana, the contacts have no causal nexus to this suit, which it characterizes as an action based on working conditions aboard vessels in New York harbor. Thus, defendant argues that specific jurisdiction is unavailable as plaintiff's injuries do not arise out of or relate to its specific contacts with Louisiana.

### a. General Jurisdiction Based on the Activities of Related Moran Companies

Plaintiffs claim Moran Towing and Transportation Company's parent corporation and subsidiaries continuously conduct marine services in Louisiana and in waters adjacent to Louisiana, and therefore, this defendant is subject to this court's general jurisdiction. To support this theory of general jurisdiction, the plaintiffs must show that the activities of the parent and subsidiaries are attributable to Moran Towing and Transportation Company. Plaintiffs list several factors in support of their argument that the Moran entities are not separate and distinct for the purposes of jurisdiction.

1. The same shareholders own all of these companies.

2. At least ten Moran entities have the same chairman of the board, and other subsidiaries are run by the president of Moran mid-Atlantic companies rather than a separate and independent chairmen.

3. All of the companies perform the same type of work—ship docking, transportation, bulk barges, and petroleum.

4. Moran's parent corporation maintains offices with other subsidiaries of the Moran family in the same building in the same city.

5. The vice president of operations for Moran Towing and Transportation Company interchangeably referred to Moran Towing and Transportation Company and the Moran Towing Corporation in his deposition.

6. The numerous vessels operated by the various Moran entities are all owned by Moran Towing Company.

Plaintiffs argue that the combination of all of these factors suffice to establish a prima facie case of personal jurisdiction over Moran Towing and Transportation Company.

The relationship of the various Moran companies is clear from defendant's response to plaintiff's opposition.[12] Defendant contends that there is no basis to consider the activities of any, perhaps related, corporation other than Moran Towing and Transportation Company. Defendant asserts that the Moran companies maintain separate corporate identities and separate accounting schemes. Further, the companies do not use common employees at will nor does one corporation control any other. These factors overcome any potential alter ego claim by the plaintiffs. *See Dalton v.*

---

**10.** Plaintiff alleges that Moran Towing & Transportation is a wholly owned subsidiary of Moran Company, and it is also the parent corporation of several Moran Towing Company subsidiaries. In an affidavit attached to Defendant's Response to Plaintiff's Opposition, however, the affiant testifies that Moran Towing & Transportation Company is not the parent corporation of any of the Moran Towing Companies, and Moran Towing Company is the parent corporation of Moran Towing & Transportation Company.

**11.** *See* Memorandum in Opposition, at 7–8.

**12.** *See supra* note 10.

*R & W Marine, Inc.*, 897 F.2d 1359, 1363 (5th Cir.1990).

Long ago, the Supreme Court ruled that the activities of a parent corporation cannot be imputed to a subsidiary for the purposes of establishing jurisdiction when the "corporate separation, though perhaps merely formal, was real.... [and] not pure fiction." *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337, 45 S.Ct. 250, 251, 69 L.Ed. 634 (1925). Thus, the activities of a parent or subsidiary corporation are not automatically imputed to one another to determine personal jurisdiction over the nonresident defendant.[13] As long as the parent and subsidiary maintain separate and distinct corporate entities, which they do in this case, the presence of one in a forum state may not be attributed to the other.[14]

We have noted often that 100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations. Generally, our cases demand proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes. The degree of control exercised by the parent must be greater than that normally associated with common ownership and directorship. All the relevant facts and circumstances surrounding the operations of the parent and subsidiary must be examined to determine whether two separate and distinct corporate entities exist.

*Hargrave v. Fireboard Corp.*, 710 F.2d 1154, 1160 (5th Cir.1983) (citations omitted).[15] Although the plaintiffs have shown that there is some relationship among the various entities, they fall far short of that required by the Supreme Court and the Fifth Circuit.

b. *General or Specific Jurisdiction Based on Defendant's Recruitment Activities*

■ Moran Towing and Transportation Company's personnel consultant, Mr. Mixon, purposefully directed his recruitment activities towards Louisiana and its citizens through both interviews in Louisiana and local newspaper advertisements. Mixon sought to employ Louisiana workers to substitute for striking east coast personnel. The recruitment activity in Louisiana culminated in a number of Louisiana citizens accepting employment with the defendant.[16] This plaintiff telephoned the defendant seeking employment after he read a newspaper advertisement regarding defendant's Louisiana recruitment activities.[17]

■ Moran Towing and Transportation Company certainly has not submitted to this court's general jurisdiction based simply on its recruitment activities in Louisiana from December of 1988 through March of 1989.[18] The defendant may, however, be subject to this court's specific jurisdiction. The Fifth Circuit has never addressed the

---

13. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 373 (5th Cir.1987); *Walker v. Newgent*, 583 F.2d 163, 167 (5th Cir.1978), *cert. denied*, 441 U.S. 906, 99 S.Ct. 1994, 60 L.Ed.2d 374 (1979).

14. *Dalton*, 897 F.2d at 1362–63; *Bearry*, 818 F.2d at 373; *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir.1983).

15. *See also Dalton*, 897 F.2d at 1362–63 (corporations not alter egos of one another); *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773 (5th Cir.1988) (factors considered to determine whether parent and subsidiary are separate and independent for purposes of personal jurisdiction are separate books and bank accounts, separate tax returns, management by separate boards of directors despite overlapping, but not identical, memberships, and management by separate officers).

16. The parties dispute the number of Louisiana citizens that obtained employment through this advertisement and interview campaign. *See* Plaintiff's Memorandum in Opposition, at 4–5; Memorandum in Response, at 5–6. The number of those hired is irrelevant for purposes of specific jurisdiction as long as this plaintiff was one of those hired during the recruitment campaign.

17. *See* Plaintiff's affidavit, Rec.Doc. No. 15.

18. *See Helicopteros Nacionales de Colombia*, 466 U.S. at 416, 104 S.Ct. at 1873 (one trip for the purpose of negotiating a service contract cannot be described or regarded as a contact of a continuous and systematic nature); *Dalton*, 897 F.2d at 1361–62 (similar facts not amount to general jurisdiction).

issue of whether purposeful recruitment practices—including advertisements and interviews in the forum state—that lead to employment with a nonresident defendant suffice to establish personal jurisdiction over the nonresident defendant in later personal injury suits arising from employment related injuries that occur outside of the forum state. The court has, however, addressed similar issues in two cases.

In *Runnels v. TMSI Contractors, Inc.*, 764 F.2d 417 (5th Cir.1985), the plaintiff, who was recruited for employment by a nonresident defendant, sued his employer in Louisiana. The court held that the nonresident's active solicitation of Louisiana residents for employment opportunities, through both local newspapers and interviews, constituted purposeful activity sufficient to subject defendants to suit in a Louisiana forum. The plaintiff in *Runnels*, however, sued the nonresident defendant for breach of employment contract rather than for an accident arising out of the employment relationship.

The other case, *Farnham v. Bristow Helicopters, Inc.*, 776 F.2d 535 (5th Cir. 1985), involved a Louisiana plaintiff who sued his employer, a nonresident defendant, for injuries sustained in an employment related helicopter crash. The defendant employer came to Louisiana and recruited plaintiff for employment as a pilot. After the initial recruitment, the plaintiff left employment with the defendant only to return three years later. The Fifth Circuit held that the Louisiana long-arm statute did not authorize the exercise of jurisdiction over the nonresident defendant because the recruitment of plaintiff did not have a significant relationship to the claim arising from the helicopter crash that occurred during his second and completely separate period of employment. *Id.* at 538.[19]

Several recent Eastern District of Louisiana decisions have addressed the issue of personal jurisdiction over a nonresident defendant who recruits and employs Louisiana citizens. In a one-page January 24, 1990 Minute Entry involving the same defendant, Moran Towing and Transportation Company, Judge Arceneaux dismissed the case for lack of personal jurisdiction. He stated:

The fact that defendant advertised in the state and paid for its hirees' transportation to New York in no way indicates any use of benefits provided by Louisiana. Any connection between the advertising, which plaintiff admits is isolated and uncontinuous, and plaintiff's alleged accident, which he claims was caused by working conditions on board the defendant's vessel in New York Harbor, is simply too attenuated, if any connection exists at all, to support this Court's in personam jurisdiction over the defendant.

*Dubois v. Moran Towing & Transportation Co.*, No. 89–4148, 1990 WL 6032 (E.D.La. Jan. 24, 1990) (Arceneaux, J.).

In a somewhat similar case involving a different defendant, Judge McNamara held that an employer's employment recruitment activities in Louisiana sufficed to assert personal jurisdiction over that defendant. *See Billiot v. Turecamo Coastal & Harbor Towing Corp.*, No. 88–2545 (E.D.La. Oct. 26, 1988) (McNamara, J.). Turecamo officers advertised for employees in the Times–Picayune and came to New Orleans to interview prospective crew members for their New York operations. As a result of these interviews, Turecamo hired Mr. Billiot, and he was later injured aboard their vessel while in the Port of New York. Judge McNamara found that personal jurisdiction existed.

In May of 1989, I decided a similar case involving Turecamo, *Waggoner v. Turecamo Coastal & Harbor Towing Corp.*, No. 88–3385, 1989 WL 57124 (E.D.La.1989), and

**19.** In *Billiot v. Turecamo Coastal & Harbor Towing Corp.*, No. 88–2545, 1988 WL 212487 (E.D. La. Oct. 26, 1988), Judge McNamara distinguished this case for two reasons. First, this case relied on the Louisiana long-arm statute as it existed prior to the 1987 amendment that

extended long-arm jurisdiction to the full extent of the fourteenth amendment. Second, the plaintiff had terminated his initial employment that stemmed from the Louisiana interview and later accepted re-employment with the nonresident defendant.

held that personal jurisdiction did *not* exist. I distinguished Judge McNamara's case because Waggoner was not interviewed by the defendant in Louisiana nor did he live in Louisiana.[20] I stated that Waggoner's claim did not arise out of the defendant's contact with the forum state, and therefore, specific jurisdiction was not present. I then looked to the recruitment activities and stated that courts have generally found personal jurisdiction to exist in those cases involving employment recruiting activities only where the plaintiffs were hired as a result of the recruiting activities conducted within the state.[21]

Although this case is not as clear as *Runnels,* a breach of employment contract action, it does not mean that defendant lacks the requisite minimum contacts with Louisiana. The plaintiff filed a Jones Act suit against his employer to recover for personal injuries. As part of its purposeful recruitment activities directed toward Louisiana, the defendant interviewed Louisiana citizens and it advertised in various local newspapers. These purposeful activities resulted in the employment of several Louisiana citizens as seamen. A Jones Act suit is a suit by a seaman against an employer for his failure to provide the employee with a safe place to work. Therefore, this suit "arises out of or relates to" the employment relationship, which was established pursuant to defendant's purposeful conduct and activities directed toward Louisiana and its citizens.[22]

### 2. Whether it would be reasonable to assert jurisdiction over Moran Towing and Transportation Company?

Because Moran Towing and Transportation Company is subject to the specific jurisdiction of this court, the next question that must be addressed is whether maintenance of the suit comports with traditional notions of fair play and substantial justice—that is, whether it is reasonable to subject a defendant to a suit in this state. *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. In *Asahi Metal Industries v. Superior Court of California,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), the Court provided several factors that must be considered to determine whether the exercise of personal jurisdiction is reasonable.

A court must consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Id.* at 113, 107 S.Ct. at 1034 (quoting *World–Wide Volkswagen v. Woodson,* 444

---

**20.** *Cf. Caldwell,* 811 F.2d at 918 ("A court does not acquire jurisdiction over a defendant as a result of unilateral activities by another person.") (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

**21.** Predictably, other district courts in the Fifth Circuit have not reached uniform conclusions. *Compare Rippy v. Crescent Feed Commodities, Inc.,* 710 F.Supp. 1074, 1078 (S.D.Miss.1988) (specific jurisdiction appropriate where nonresident defendant purposefully advertised in state and injuries to residents were foreseeable consequence), and *Babineaux v. Southeastern Drilling Corp.,* 170 So.2d 518 (La.Ct.App. 3d Cir.) (personal injury suit in Louisiana against Panamanian corporation, which had recruited employees in Louisiana, for employment related injuries sustained in Kuwait), *writ ref'd,* 247 La. 614, 172 So.2d 700 (1965), *with Kervin v. Red River Ski Area, Inc.,* 711 F.Supp. 1383, 1389–90 (E.D.Tex. 1989) (*"In personam* jurisprudence has taken a restrictive view of the relationship between causes of action and contacts, seemingly to require virtually a direct link between claim and contacts in order to pursue a specific jurisdiction analysis."), and *MMR Holding Corp. v. Sweetser,* 675 F.Supp. 326, 330 (M.D.La.1987) (Polozola, J.) (employee who never visited Louisiana but did exchange communications with Louisiana resident in carrying out the employment contract did not purposefully avail himself of the benefits and protections of the laws of Louisiana such as to support a theory of specific personal jurisdiction).

**22.** Because I find that this suit "arises out of or relates to" defendant's employment recruiting in Louisiana, I need not address whether the terms "arise out of" and "relate to" have different meanings. *Compare Helicopteros Nacionales,* 466 U.S. at 415 n. 10, 104 S.Ct. at 1872 n. 10, *with Helicopteros Nacionales,* 466 U.S. at 425, 104 S.Ct. at 1878 (Brennan, J., dissenting).

U.S. 286 at 292, 100 S.Ct. 559 at 564, 62 L.Ed.2d 490 (1980)).

"The targeted solicitation of Louisiana residents for employment overseas, the consequent drain of technically proficient Louisiana residents and the 'economic injury [that] has befallen a resident of Louisiana,' all support Louisiana's legitimate interest in providing its citizens with reasonable access for redress." *Runnels*, 764 F.2d at 423 (quotation omitted). Moreover, the solicitation of Louisiana residents through local advertising and through defendant's agent, the deliberate rather than fortuitous contacts with the state, and the foreseeability that injuries to the Louisiana citizens could reasonably result, does not make it unfair to require the employer to defend this suit in Louisiana. *Id.* at 423.[23] Accordingly, the exercise of specific jurisdiction over Moran Towing and Transportation Company in this case is reasonable.

## C. Motion to Transfer

Congress enacted section 1404(a) of Title 28 to make it easier to transfer cases within the federal system than under the common law doctrine of forum non conveniens. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 264, 70 L.Ed.2d 419 (1981). Section 1404(a) of Title 28 allows a federal district court to transfer a case to another federal district court where the case could have been filed originally. The decision to transfer is within the discretion of the transferring judge, and is reviewed only for an abuse of discretion. *See Mills v. Beech Aircraft*, 886 F.2d 758, 761 (5th Cir.1989); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir.1988).

The main considerations in determining whether to transfer a case are the convenience to the parties and witnesses in the interests of justice. The mere shifting of the burden from one party to the other does not justify transfer.[24] In *Gulf Oil v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Court listed several relevant factors to consider in the determination of whether to transfer a case. A court should consider the ease to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses; enforceability of judgment if it is obtained, docket congestion, imposition of jury duty on community not related to the litigation, the desirability of deciding localized controversies at home; and familiarity of the forum with the state law governing a diversity case.[25]

Defendant argues that these factors militate in favor of transfer because the vessel, the crew, and defendant's main office are located in New York city and a nearby suburb. Defendant also contends that Louisiana has no public interest in the case being heard here as the accident involved a tug based in New York. Plaintiff argues that he is a Louisiana citizen and that two fact witnesses and all of his medical witnesses are here in Louisiana.

The party moving for a transfer of venue "must make a sufficient showing of the necessary witnesses and what their testimony will be.... [B]old assertions" will not suffice to meet defendant's burden. *Southern Investors II v. Commuter Aircraft Corp.*, 520 F.Supp. 212, 218 (M.D.La. 1981); *see also Galli v. Travelhost, Inc.*, 603 F.Supp. 1260 (D.Nev.1985) (simple as-

**23.** *See also Burger King v. Rudzewicz*, 471 U.S. 462, 473, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (state has a manifest interest in providing a convenient forum for its citizens to redress injuries inflicted by out of state actors); *Pedelahore v. Astropark, Inc.*, 745 F.2d 346 (5th Cir. 1984) (No unfairness or undue burden on Texas Amusement Park corporation defending suit in Louisiana where they advertised and solicited Louisianians, and it was foreseeable that Louisianians would sustain injuries as a result of tortious acts of nonresident defendant's employees or equipment).

**24.** *See Van Dusen v. Barrack*, 376 U.S. 612, 645–46, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964); *Feldman Associates v. Lingard & Associates, Inc.*, 676 F.Supp. 877, 881 (N.D.Ill.1988); *Southern Investors II v. Commuter Aircraft Corp.*, 520 F.Supp. 212, 219 (M.D.La.1981).

**25.** *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843; *see also Reading Metal Craft Co. v. Hopf Drive Associates*, 694 F.Supp. 98, 102 (E.D.Pa.1988).

sertion that the necessary witnesses probably reside in a certain forum does not justify granting a § 1404(a) motion). The general allegations made by defendant in his motion to transfer fail to sustain its burden to show that this case should be transferred.

### D. Summary Judgment Motion

The defendant did not address its motion in any supporting memorandum. It also has not produced a single fact that would entitle it to summary judgment on the merits of this case.

Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that defendant's motion for transfer of venue pursuant to 28 U.S.C. § 1404 is DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss based on improper venue is DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss based on ineffective service is DENIED.