**DOMINION GAS VENTURES, INC., Plaintiff,**

v.

**N.L.S., INC., Defendant.**

**Civ. A. No. 3:93–CV–0402–P.**

United States District Court,
N.D. Texas,
Dallas Division.

June 22, 1995.

Roy T. Atwood, Herbert, Adams, Crawford & Atwood, L.L.P., Dallas, TX, for plaintiff.

Alan W. Harris, Andrews & Kurth, L.L.P., Dallas, TX, for defendant.

## ORDER

SOLIS, District Judge.

Presently before the Court are Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction filed on March 4, 1993, Plaintiff's Response filed on March 24, 1993, Defendant's Amended Reply filed on April 26, 1993, and Plaintiff's Response To Defendant's Amended Affidavit filed on May 12, 1993; and Defendant's Motion To Stay Discovery Proceedings filed on April 22, 1994, and Plaintiff's Response filed on May 11, 1994.

## BACKGROUND

This case arises from contractual negotiations between Defendant N.L.S., Inc. ("N.L.S."), a Kansas corporation, and Plaintiff Dominion Gas Ventures, Inc. ("Dominion"), a Texas corporation regarding a natural gas well in Oklahoma. Plaintiff claims that it entered into a contract with Defendant, and the Defendant subsequently breached the contract. This motion concerns Defendant's contention that this Court lacks personal jurisdiction over N.L.S. because N.L.S. does not have sufficient contacts with the State of Texas consistent with the due process clause of the Fourteenth Amendment of the United States Constitution.

## PERSONAL JURISDICTION

■ In order for Plaintiff to maintain an action against Defendant in this Court, Plaintiff must demonstrate that this Court has personal jurisdiction over Defendant. When a defendant challenges personal jurisdiction, the plaintiff has the burden to prove that the Court has jurisdiction over the defendant. *Colwell Realty Investments v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1332 (5th Cir.1986).

■ The Court may exercise personal jurisdiction over a nonresident defendant only if (1) the defendant is subject to service of process under the forum state's long-arm statute and (2) the exercise of jurisdiction comports with the due process requirements of the Fourteenth Amendment of the United States Constitution. *See Colwell Realty Investments, Inc. v. Triple T Inns, Inc.*, 785 F.2d 1330, 1333 (5th Cir.1986). Because the

Texas long-arm statute, Tex.Civ.Prac. & Rem.Code § 17.042 (Vernon 1986), "reaches as far as the federal constitutional requirements of due process will permit," the Court need only determine whether the exercise of personal jurisdiction satisfies the U.S. Constitution's due process requirements. *See Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 200 (Tex.1985); *U–Anchor Advertising v. Burt,* 553 S.W.2d 760, 762 (Tex. 1977). The Supreme Court has held that a due process inquiry in this context requires two determinations: (1) whether the nonresident defendant purposely established "minimum contacts" with the forum state and, if so, (2) whether the assertion of personal jurisdiction would comport with traditional notions of "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945)).

*Defendant's Minimum Contacts With Texas*

■ Minimum contacts of a nonresident with a forum state may provide a basis for either specific or general personal jurisdiction. *See Interfirst Bank Clifton v. Fernandez,* 844 F.2d 279, 283 (5th Cir.1988), *modified on denial of rehearing,* 853 F.2d 292 (5th Cir.1988). To maintain general personal jurisdiction over a nonresident defendant, the defendant must have "continuous and systematic contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Burger King,* 471 U.S. at 473 n. 15, 105 S.Ct. at 2182 n. 15. If the defendant's contacts with the forum are extensive enough to constitute "continuous and systematic" contacts, the Court may exercise general personal jurisdiction over the defendant even though the plaintiff's alleged injuries do not arise out of or relate to the defendant's contacts with the forum. *Id.*

■ If the defendant has more limited contact with the forum state, the Court may still obtain specific personal jurisdiction over the defendant, if the nonresident defendant (1) purposefully directed his activities at the residents of the forum state, *Asahi Metal*

*Ind. Co. v. Superior Court of Calif.,* 480 U.S. 102, 109–11, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987); *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182; *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 773–75, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), and (2) the plaintiff's claims arise out of the defendant's purposeful contact with the forum. *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182; *Helicopteros,* 466 U.S. at 413–15, 104 S.Ct. at 1872.

■ While the number of contacts with the forum state is not determinative, it is indeed one of the relevant factors to be considered within the totality of the circumstances in assessing the propriety of exercising personal jurisdiction over a nonresident defendant. *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir.1985). "What is more significant is whether the contacts suggest that the nonresident defendant purposefully availed himself of the benefits of the forum state." *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.,* 700 F.2d 1026, 1028 (5th Cir. 1983).

*General Jurisdiction*

■ Defendant's contacts in Texas consist of some business transactions in Texas, as well as some communications with Texas residents. Specifically, Defendant has a registered agent in Texas. Moreover, Defendant has performed some well cleaning and servicing jobs in Texas. Boland Amended Aff., p. 2.

For example, in 1992, the invoices from work performed in Texas totaled $22,359, or approximately 2% of Defendant's gross invoices for the year. *Id.* The percentage of Defendant's work performed in Texas for 1990 and 1991 ranged from 4%–7%. *Id.* The majority of jobs require one employee and "a few hours of labor." *Id.*

In addition, Defendant states that all contacts and communications between N.L.S. and Plaintiff occurred in Oklahoma or via telephone and telecopier. *Id.* at p. 3. No employees or agents of N.L.S. have come into Texas to negotiate with Plaintiff. *Id.*

Plaintiff argues that Defendant has engaged in sufficient business in Texas to rea-

268

sonably contemplate being haled into a Texas court. In support of its contention, Plaintiff states that Defendant has admitted to entering into transactions with at least eight different companies from 1990 to the present. The 7% of Defendant's business in Texas amounted to approximately $70,000 of gross revenue in 1990 or 1991.

After considering the evidence in this case, the Court finds that Defendant does not have sufficient contacts with Texas in order for the Court to have general personal jurisdiction over N.L.S. Defendant does not have a place of business in Texas and never has been licensed to do business in the State. *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984). The majority of Defendant's contacts in Texas consist of performing jobs that amount to between 2% and 7% of its total business. However, "purchases and related trips, standing alone, are not a sufficient basis for a State's assertion of jurisdiction" over a nonresident corporation in a cause of action not related to those purchase transactions. 466 U.S. at 417–18, 104 S.Ct. at 1873–74. The brief presence of N.L.S.'s employees in Texas for the purpose of performing the well cleaning is no more significant contact than the training sessions of Helicol employees in *Helicopteros.*[1]

Rather, Defendant does not have any offices in Texas, nor do any of its employees or officers reside in Texas. Boland Amended Aff., p. 2. Moreover, N.L.S. does not recruit residents of Texas, it does not own any real or personal property in Texas, and it does not maintain any accounts with banks or other financial institutions in the State. Id. at p. 3. Additionally, Defendant does not maintain a telephone listing or mailing address in Texas. *Id.* No employees or agents of N.L.S. have entered Texas to negotiate with Plaintiff. *Id.*

With respect to the communications between Plaintiff and Defendant, the Fifth Circuit has held that an exchange of communications between a resident and a nonresident in developing a contract is insufficient of itself to be characterized as purposeful activity invoking the benefits and protection of the forum state's laws. *Stuart,* 772 F.2d at 1193. Moreover, maintaining an agent for service of process in Texas is of no special weight in evaluating general personal jurisdiction. *Wenche Siemer v. Learjet Acquisition Corp.,* 966 F.2d 179, 181 (5th Cir.1992). The mere act of registering an agent does not create a general business presence in Texas, nor does it act as consent to being hauled into a Texas court. *Id.* at 183. Therefore, the Court finds that it does not have general personal jurisdiction over Defendant in this case because Defendant's contacts with Texas are not continuous and systematic.

*Specific Jurisdiction*

As discussed above, if the defendant has more limited contact with the forum state, the Court may still obtain specific personal jurisdiction over the defendant, if the nonresident defendant (1) purposefully directed his activities at the residents of the forum state, *Asahi Metal Ind. Co. v. Superior Court of Calif.,* 480 U.S. 102, 109–11, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987); *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182; *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 773–75, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), and (2) the plaintiff's claims arise out of the defendant's purposeful contact with the forum. *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182; *Helicopteros,* 466 U.S. at 413–15, 104 S.Ct. at 1872. Dominion has asserted causes of action for breach of contract, negligent misrepresentation, and fraud. Plaintiff states the following reasons in support of its contention that specific jurisdiction exists in this case: it is reasonably foreseeable that Dominion would in fact perform a material part of its contractual obligations in Texas; Defendant purposefully solicited Dominion in Texas to provide a gas gathering system and to market the natural gas owned by Defendant; the contemplated agreement required Dominion to market Defendant's gas for a minimum term of ten years; and Defendant was required to make payments to Dominion in Texas.

---

**1.** See also *Kulko v. California Superior Court,* 436 U.S. 84, 93, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978) (basing California jurisdiction on 3–day and 1–day stopovers in that State would make a mockery of due process limitations on assertion of personal jurisdiction).

However, with regards to Plaintiff's specific causes of action, the negotiations and communications between the parties all occurred in person in Oklahoma, or via telephone or telecopier. Thus, no representative of N.L.S. ever came to Texas to conduct negotiations with Plaintiff. The exchange of communications in the development of a contract is "insufficient to be characterized as purposeful activity invoking the benefits and protection of the forum state's laws." *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026 (5th Cir.1983).

In addition, Plaintiff alleges that the contemplated agreement would result in significant business activity in Texas because Plaintiff would be required to provide for the gathering system, and to market Defendant's gas in Texas for a ten year period. However, providing for the gathering system would actually take place in Oklahoma, the site of the gathering system. Furthermore, Plaintiff's administrative activities in marketing the gas in Texas does not attribute any contacts of Defendant in Texas. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Hydrokinetics*, 700 F.2d at 1028. The contemplated arrangement did not require N.L.S. to perform any activities in Texas. Boland Amended Aff., p. 2. Although the parties dispute whether payments were required to be mailed to Plaintiff in Texas, the *Hydrokinetics* court did not weigh heavily the fact that payment checks were mailed into the forum state in exchange for goods. 700 F.2d at 1028.

Therefore, after considering the evidence in this case, the Court is of the opinion that Defendant did not purposefully avail itself of the benefits of Texas. Accordingly, the Court finds that the case should be dismissed because the Court does not have specific personal jurisdiction or general jurisdiction over N.L.S.

It is hereby Ordered that Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction is granted.

It is further Ordered that Defendant's Motion To Stay Discovery Proceedings is denied as moot.

SO ORDERED.